## AN INVALID PROVISION IN THE ACT PROVIDING AID FOR THE NEEDY BLIND.

Court of Appeals for Franklin County.

THE STATE OF OHIO, EX REL JOHN P. BRENNAN, TREASURER OF STATE, v. W. C. BENHAM, AS TREASURER OF FRANKLIN COUNTY, OHIO.

Decided, November 11, 1913.

*Constitutional Law—Beneficiaries under the County Act—Deprived of Vested Rights in Existing Funds by the State Commission Act—103 O. L., 833.*

1. Section 8 of the state commission act for "relief of the needy blind," providing for payment into the state treasury of funds already in the hands of county treasurers for aid to needy blind, is in contravention of the rights of the county beneficiaries for whom these funds were raised by tax levy and whose rights therein accrued prior to the passage of the present act, which is prospective in its operation and has for its purpose the general benefit of needy blind throughout the state.

2. But taken in its entirety the present act is not repugnant to any provision of the Constitution, and will be treated as a valid enactment, with the provision eliminated as to payment of funds into the state treasury heretofore raised and now in the hands of county treasurers.

3. These existing funds should be administered under the county act which the state act sought to repeal; and where a surplus remains in the hands of a county treasurer, after providing for the beneficiaries for whom it was intended, it may be transferred to the general revenue fund of the county under laws existing at the time the levy was made.

*Timothy S. Hogan,* Attorney-General, *Clarence D. Laylin* and *Henry S. Ballard,* for plaintiff.

*Edward C. Turner,* Prosecuting Attorney, *John M. McGillivray* and *Herbert C. Sherman,* for defendant.

*M. B. Earnhart* and *W. E. Tilton, amici curiae.*

FERNEDING, J.; ALLREAD, P. J., and KUNKLE, J., concur.

This action is one of mandamus to compel the county treasurer of Franklin county, Ohio, to deliver to the state treasurer

the sum of $32,721, representing the balance of a fund on hand and in his official custody raised by taxation under a levy for the relief of the needy blind of said county. This relief sought is founded upon the following provision in the legislative act of May 9th, 1913 (103 O. L., 833), entitled "An act to create an institution for the relief of the needy blind," to-wit, the provision in Section 8 that "after the passage of this act, and on the demand of the state treasurer, the treasurer of the respective counties shall transfer and pay over to the state treasurer all moneys in their possession or that may thereafter come into their possession under present levies for the relief of the blind."

The respondent makes two defenses:

1. The unconstitutionality of the state commission act and particularly as to clause 8 above recited;

2. That certificates awarded under the county commission act prior to the passage of the state act, which became effective August 11, 1913, and amounting to $30,503.62, are outstanding and unpaid and should be liquidated out of said fund prior to any amount thereof being paid the state treasurer.

A demurrer was filed by the relator to each of these defenses.

The act of April 23d, 1904, entitled "an act to provide relief for *worthy* blind" (97 O. L., 392), was declared unconstitutional in the case of *Lucas County* v. *State* (75 O. S., 114), decided October 16, 1906. The General Assembly thereupon passed the act of April 2d, 1908 (99 O. L., 56), entitled "an act to provide relief of *needy* blind."

This act has been declared by the Supreme Court in a recent decision as constitutional (the opinion in full has not yet been made public). This act of 1908, before the Supreme Court in the recent case referred to, was amended in certain particulars prior to the passage of the state commission act of 1913, but the amendments were not of such character as to imperil its constitutionality.

We have carefully considered the various statutes upon the subject of relief to the blind, and have arrived at the conclusion that so far as the general purpose of the state commission act is concerned it is not repugnant to any provision of the

Constitution except the clause above quoted from Section 8. The fund in controversy was raised prior to the passage of the state commission act, under levies specifically made for previous years supplying relief to the needy blind in Franklin county, which fund was to be administered through the channel of the county authorities in favor of the holders of certificates and warrants adjudged entitled thereto.

The state administration act took effect August 11th, 1913. It is prospective only in its operation, and is to be administered for the general benefit of the needy blind throughout the state. It therefore follows that the transfer of the Franklin county fund to the state treasurer would necessarily have the effect of diverting the moneys from the county beneficiaries, who had rights accruing prior to the passage of the state act, to a general class of beneficiaries throughout the state. The fund should with propriety be confined to Franklin county alone.

This clause of Section 8 is therefore in conflict with Section 5 of Article VII of the Constitution, which provides:

"No tax shall be levied except in pursuance of law, and every act imposing a tax shall state distinctly the object of the same to which only it shall be applied."

This clause in Section 8 of the act of 1913 is merely incidental, and is not vital or controlling as an inducement of the entire act and may be separated therefrom. Its invalidity does not therefore affect the other provisions of the act except the repealing clause. The repealing clause of the act of 1913, so far as it attempts to repeal or supersede the county commission act in the administration of the funds on hand, is also void to that extent, for the reason that the Legislature would not have absolutely repealed the former act except for the clause providing for the transfer of the fund to the state authorities.

It is contended that at least the surplus after the payments of warrants due up to the time of the taking effect of the state act should be paid into the state treasury for administration under the state act. We are not without doubt upon this feature, but after careful consideration we have reached the conclusion that under the constitutional provision above quoted

even the surplus can not be transferred to the state treasury, but must be retained in the county treasury to go to the general revenue fund or other county purposes to which it may be transferred under laws existing at the time the levies were made.

The demurrer to both defenses of the answer will therefore be overruled, and if no amendments to the pleadings are desired, final judgment may be rendered in favor of the defendant.